HAWKINS & COMPANY *v.* WILLIAM R. McALISTER, JACOB A. WALDROP, CLAIMANT.

ATTACHMENT.  *Judgment by default.   Collateral attack.   Informality.   Process.   Service.   Claimant.*

The judgment of a justice of the peace rendered by default is not void because predicated of an attachment writ, directed to "the constable or any lawful officer" of the justice's county, by the sheriff of which county it was levied upon property and returned, with a showing that the defendant could not be found, and which was then sent to the sheriff of another county, without change in its address, who served the same personally on defendant and made due return; nor can a claimant of property seized thereunder avail of the informality in the process.

FROM the circuit court of Simpson county.

HON. JOHN R. ENOCHS, Judge.

Hawkins & Company, a corporation, the appellant, was plaintiff in the court below; McAlister was defendant, and Waldrop,

the appellee, claimant there. From a judgment on a claimant's issue in favor of the claimant the plaintiff appealed to the supreme court.

A writ of attachment was sued out by plaintiff against defendant, McAlister, in a justice of the peace's court in Simpson county. The writ was addressed to "the constable or any lawful officer of said county." The writ was delivered to the sheriff, who executed it by levying on some property of McAlister, and making a return that said McAlister could not be found in the county. It was afterwards learned that McAlister was in Harrison county, and the justice of the peace who issued the writ sent the original writ to the sheriff of that county, who served it on McAlister, made due return to that effect on the writ, and returned it to the justice of the peace. Upon these returns judgments by default were taken against McAlister on both the attachment and debt issues. Waldrop, appellee, then filed his claim to the property, and made his bond, and a claimant's issue was made up and tried between the attaching creditor and the claimant, which resulted in a judgment for the claimant, from which the plaintiff appealed to the circuit court. In the circuit court the claimant made a motion to dismiss the cause because there was no valid judgment against McAlister. This motion was sustained, and the cause was dismissed, and judgment rendered against plaintiff for the costs.

*McIntosh Bros.*, for appellant.

The writ of summons in this case issued from a court of competent jurisdiction, its purpose being to notify W. R. McAlister that he had a suit pending in the justice's court at Magee, Simpson county, Miss., the nature of the suit, and the time and place, and when the same would stand for trial.

The return of the officer on the original writ shows conclusively that this was done, and the writ served its purpose, and we can conceive of no valid reason why a copy of an alias writ should have been delivered to defendant, McAlister, instead of

giving him a true copy of the original. Sections 3438 and 3442, Annotated Code, we think, have been substantially complied with in this case. The judgments of the justices of the peace are liberally construed, and the most liberal rules are applicable to their courts. *Swayne* v. *Gilder,* 61 Miss., 667; *Ladnier* v. *Ladnier,* 64 Miss., 368.

The failure to issue another writ is an irregularity of which the complainant in this case cannot complain. It is a collateral attack upon the judgment.

*Russell & Russell,* for appellee.

When the writ, although issued by a court with full authority to that end, was placed in the hands of an officer authorized to execute the same and to show by his return that he had executed it and delivered the original back to the court by which it was issued, then that writ had completed its circuit. It had performed the office for which it was created, and after it had performed its functions any subsequent service of the same writ of course was void. 22 Am. & Eng. Ency. Law, 159.

And when the mayor of Magee delivered the original writ to the sheriff of Harrison county, which had already endorsed on it a return of the officer to whom it was addressed, the mayor thereby conferred no authority whatever on the sheriff of Harrison county to execute it. And any execution of the writ by him must be void. The only thing to have been done was to have issued an alias summons, directed to the proper officer of Harrison county, and not to have sent the original one, which had already served the purpose for which it was intended. Code 1892, § 3419. A writ addressed to one officer confers no authority upon another to execute it. 22 Am. & Eng. Ency. Law, 108; *Arnold* v. *Wynn,* 26 Miss., 338.

TRULY, J., delivered the opinion of the court.

The judgment of the plaintiff in attachment, Hawkins & Company, against McAlister, the defendant in attachment, ren-

dered by the justice of the peace, was not void on account of the irregularity in the process. No strict adherence to form is absolutely necessary in summoning a defendant to answer a suit instituted against him. In the case at bar a summons for McAlister was personally served in due time, and the fact that the return of the officer was made upon a summons not directed to him, but to another officer, who had failed to execute it, does not affect the validity or regularity of the service. It should be noted that McAlister did not appeal from this judgment, and a mere informality in the service of process as to him cannot avail the claimant.

*Reversed and remanded.*