MID-SOUTH PIPELINE CONTRACTORS, INC. *v.* CITIZENS NATIONAL BANK OF MERIDIAN

No. 41597          November 21, 1960          124 So. 2d 697

622

*deQuincy V. Sutton,* Meridian, for appellant.

*Wilbourn, Wilbourn & Lord, David Williams,* Meridian, for appellee.

McGehee, C. J.

This is an appeal by the Mid-South Pipeline Contractors, Inc. from a default judgment rendered by the Circuit Court of Lauderdale County in favor of the appellee, Citizens National Bank of Meridian, in the sum of $24,752.03.

The Appellee-Bank obtained a judgment against H. G. Irby, Jr., and his wife, Mrs. H. G. Irby, Jr., on April 23, 1959, in the amount of $24,123.78 in the Circuit Court of Lauderdale County, Mississippi, which was affirmed on May 30, 1960, on appeal to this Court, as reported in 239 Miss. 64, 121 So. 2d 118.

The said judgment debtors elected not to give a supersedeas bond for the appeal to this Court, and, therefore, on June 23, 1959, the Appellee-Bank, through its attorney, filed a suggestion of garnishment in the Circuit Court of Lauderdale County requesting that a writ of garnishment be issued against the said Mid-South Pipeline Contractors, Inc. This suggestion of garnishment correctly referred to the judgment rendered in favor of the Appellee-Bank in the Circuit Court of Lauderdale County and named the said Mr. and Mrs. H. G. Irby, Jr. as the judgment debtors.

A copy of the suggestion for the writ of garnishment was signed by the Appellee-Bank by its attorney, and was marked filed by the clerk of the circuit court on the date of the issuance thereof. The writ of garnishment which was issued on the same day was under the signature of the clerk of the circuit court and bore the seal thereof. The writ of garnishment recited that the Appellee-Bank had recovered a judgment in "county court" on the "23rd day of April 1959 for the sum of $24,123.78, plus interest from April 23, 1959, against H. G. Irby, Jr. and Mrs. H. G. Irby, Jr.," and that the said judgment had not been satisfied, and that the Appellee-Bank having made the proper suggestion for a writ of garnishment against the said Mid-South Pipeline Contractors, Inc., the said garnishee was summoned to appear "in said court" on the 5th day of October 1959, then and there to answer the said writ of garnishment as required by law.

It will thus be noted that the writ of garnishment erroneously stated that the Appellee-Bank had recovered judgment "in county court", whereas, in truth and in

fact, the judgment had been recovered in the *circuit court*. This was a clerical error on the part of the circuit clerk, the writ containing the word "county" for the name of the court instead of the word "circuit." However, the writ contained the seal of the Circuit Court of Lauderdale County and not the seal of the county court; it referred to the correct number of the suit in the circuit court; it referred to a judgment recovered by the Appellee-Bank against H. G. Irby, Jr. and Mrs. H. G. Irby, Jr.; it referred to the correct date on which said judgment was rendered (April 23, 1959); it referred to the correct amount of the judgment, $24,123.78; it was returnable on the 5th day of October 1959, which was the first day of the October Term of the *Circuit Court* of Lauderdale County, whereas the appellant Mid-South Pipeline Contractors, Inc. were charged by law with notice that the county court was fixed by statute to be held on the Second Monday, the 12th day of October 1959, and not on the First Monday, the 5th day of October 1959; and, the amount of the judgment referred to exceeded the jurisdiction of the *county court* by more than $21,000. The writ of garnishment was executed by the Sheriff of Lauderdale County, Mississippi, by personal service on both H. G. Irby, Jr., President, and Mrs. H. G. Irby, Jr., Secretary, of the appellant Mid-South Paving Contractors, Ind.

It is to be noted that the President and Secretary of the Appellant-Pipeline Contractors are the same persons against whom the original judgment was entered in the Circuit Court of Lauderdale County, Mississippi, and they had actual notice of the judgment referred to in the writ and personal knowledge of the court in which the cause was pending, since they participated in the case and appealed the decision from the circuit court to the State Supreme Court, where the same was affirmed.

The Appellant-Pipeline Contractors ignored the writ of garnishment and filed no answer thereto in any

court. On the Second day of the October Term of the Circuit Court of Lauderdale County, Mississippi, which was on October 6, 1959, the appellee-Bank requested and obtained a default judgment against the Appellant-Pipeline Contractors for the amount of its judgment theretofore rendered against H. G. Irby, Jr., and Mrs. H. G. Irby, Jr.

The Circuit Court of Lauderdale County remained in session until November 7, 1959, and during the remainder of that term of court the Appellant-Pipeline Contractors made no request to have set aside the default judgment as rendered against it.

The appellant did not file an assignment of error herein within the thirty days required by Rule 6 of the Revised Rules of this Court, but we have concluded to render our decision on the merits of the case instead of on this oversight on the part of the appellant to comply with the Rules of this Court.

█ █ The Appellant-Pipeline Contractors contend that the default judgment of the lower court rendered on October 6, 1959, against them as garnishee is void solely because the writ of garnishment on which the judgment was based, commanded the appellant to appear in the county court instead of the circuit court to answer the said writ of garnishment.

Section 1844 of the Miss. Code of 1942 provides that the style of process shall be ''The State of Mississippi'' and that it shall be issued and signed by the clerk of the court, with the seal of his office affixed, and shall bear the date on which it is issued. The writ of garnishment in this case was correctly styled ''The State of Mississippi'', was issued and signed by the clerk of the *circuit court,* bore the date on which it was issued, and the seal of the circuit court was affixed to the writ.

Section 1848 of the Mississippi Code of 1942 provides that process shall be made returnable to the first day of the term of court.

The writ of garnishment in the instant case was made returnable on the 5th day of October 1959, which was the first day of the October term of the *Circuit Court* of Lauderdale County, Mississippi, and was not the first day of any term of the county court.

Section 1613 of the Miss. Code of 1942, as amended, provides that the County Court of Lauderdale County, Mississippi, shall begin its terms on the Second Monday of each month, which, in this case would have been on the 12th day of October 1959. Examination of Section 1404 of the Miss. Code of 1942, as amended, will reveal that a term of the Circuit Court of Lauderdale County, Mississippi, begins on the First Monday of October, which, in this case, was on the 5th day of October 1959.

Section 1845 of the Miss. Code of 1942 provides that the process shall command an officer to summon the defendant to appear and answer on the return date. The writ of garnishment contained the proper command.

It can, therefore, be seen that the writ of garnishment in this case substantially complied with the law, and it has been the law in Mississippi for many years that "no strict adherence to form is absolutely necessary in summoning a defendant to answer a suit instituted against him." Hawkins & Company v. McAlister, 86 Miss. 84, 38 So. 225.

■■ ■ The principal purpose of process is to give to the party to whom it is addressed notice of the proceeding to be defended. 42 Am. Jur. 36, Process, Section 3. The writ of garnishment in the instant case served that purpose.

■■ ■ Moreover, the clerical error was apparent on the face of the writ. It could have been amended at any time if the attention of the lower court had been called to the same. Kelly v. Harrison, 69 Miss. 856, 12 So. 261.

In the Kelly case, supra, the summons was issued on December 7, 1883, and through error, the clerk showed

that the same was returnable on the 1st day of January 1883, rather than the year 1884. A default judgment was taken and execution issued, and the defendant then filed his petition for supersedeas of the execution. This Court pointed out that a mere inspection of the paper would have shown that a mistake had been made in fixing the time set for the term of court and that such mistake resulted from clerical error, and the defendant was bound to take notice of the law that the defect might be amended. The Court pointed out that the error did not make the summons a nullity, but was a mere irregularity which was amendable if the attention of the court had been called to it.

Again, where the defendant is not misled, as to the court in which the proceedings are pending, he has no just cause of complaint. The appellant doesn't even contend in its brief that it was misled in the instant case. See Dunn v. Sims, 218 Miss. 227, 67 So. 2d 261, wherein this Court held that even though the summons commanded the defendant to appear before the ''judge of the circuit court'' where it should have commanded that he appear before the circuit court, the defendant was required to look further to determine what other language was used in the process to identify the court. Even a casual glance at the writ of garnishment of the instant case reveals that the seal of the circuit court was affixed and not the seal of the county court; and that the amount of money mentioned in the writ, for which the Appellee-Bank had recovered a judgment, was clearly in excess of the jurisdiction of the county court. Then, too, the writ was returnable on the 5th day of October 1959, and under the law the appellant knew that this was the first day of the term of the Circuit Court of Lauderdale County, and not the first day of a term of the county court.

We are therefore of the opinion that the circuit court was correct in overruling the motion of the garnishee to set aside the default judgment rendered against the

appellant upon its failure to answer the writ of garnishment, and that the action of the circuit court in that behalf should be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.