404 So.2d 322 (1981)
James Benson BIRINDELLI
v.
Donald Michael EGELSTON and Lynette Joyce Egelston.
No. 52936.
Supreme Court of Mississippi.
October 7, 1981.
Eaton, Cottrell, Galloway & Lang, John Edgar Johnson, III, Ann Bowden-Hollis, Gulfport, for appellant.
Jim W. Rose, Gulfport, for appellee.
Before PATTERSON, C.J., and SUGG and BOWLING, JJ.
*323 PATTERSON, Chief Justice, for the Court:
Donald Michael Egelston and Lynette Joyce Egelston initially filed a petition for adoption of Brooke Kay Birindelli, Tyler Anne Birindelli, James Michael Birindelli and David Benson Birindelli in the Chancery Court of the Second Judicial District of Harrison County. James Benson Birindelli, a non-resident, was allegedly served with process by mail and publication.
Two days before the final decree of adoption, the lower court granted petitioner's motion to transfer the cause to the Chancery Court of the First Judicial District of Harrison County.
Mr. Birindelli made no appearance and the final decree of adoption was entered on May 16, 1980, based on abandonment by the father. Birindelli thereafter petitioned to set aside the adoption decree, and a hearing was held on the motion. The lower court denied the petition to set aside the adoption decree.
Aggrieved, Birindelli appeals from the dismissal, assigning six errors. We are of the opinion that we need address only the assignment concerning the jurisdiction of the court because it is dispositive of the suit.
The threshold issue is whether or not the trial court had jurisdiction of James Benson Birindelli, the adoptive father of Brooke and the natural father of Tyler Anne, James Michael, and David Benson. The petition was mistakenly filed in the second judicial district and process was issued from and returnable to the second judicial district. Even though the cause was transferred prior to the rendition of the final adoption decree, there is no evidence that process was ever made returnable to the proper district.
It is the well settled rule that service of process on a non-resident defendant *324 is jurisdictional requiring strict compliance with statutory procedures. Mosby v. Gandy, 375 So.2d 1024 (Miss. 1979). We are of the opinion the failure to make service of process returnable to the proper district rendered service of process fatally defective. This being so, jurisdiction was lacking; and the final adoption decree is therefore void. Failure to make process returnable to the appropriate district in a county is a jurisdictional defect, for we held in Rogers v. State, 266 So.2d 10, 16 (Miss. 1972), that "when two judicial districts are created in a county, the effect is the same for jurisdictional purposes as if they were two counties." Citing with approval Isabel v. State, 101 Miss. 371, 58 So.1 (1912); Passons v. State, 208 Miss. 545, 45 So.2d 131 (1950).
We also are of the opinion that even if process had been returnable to the proper district, the adoption decree would still be void for lack of jurisdiction because Birindelli testified without contradiction that he did not receive notice of the adoption proceedings. His testimony overcomes the presumption that process was proper. Lampton-Reid Co. v. Allen, 177 Miss. 698, 171 So. 780 (1937). Further, there is no evidence the court clerk noted on the docket the mailing of summons to Birindelli as required by MCA § 13-3-21 (1972). Although not jurisdictional, the clerk's compliance with § 13-3-21 is a matter of high importance. Ponder v. Martin, 119 Miss. 156, 80 So. 388 (1919). This coupled with Birindelli's testimony he did not receive statutory notice of the adoption proceeding renders the adoption decree void.
Since the jurisdictional issue is dispositive of the appeal, we do not reach the merits of appellant's remaining assertions. We believe the adoption decree to be void; and since Birindelli has made his appearance in court, we reverse and remand for a hearing on the merits.
REVERSED AND REMANDED FOR A HEARING ON THE MERITS.
SMITH, and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.