883 So.2d 609 (2004)
Maria PAGE, Appellant
v.
Sherry CRAWFORD, Appellee.
No. 2003-CA-00978-COA.
Court of Appeals of Mississippi.
August 10, 2004.
Rehearing Denied October 5, 2004.
*610 Jason Lee Shelton, attorney for appellant.
Martha Bost Stegall, Tupelo, attorney for appellee.
EN BANC.
CHANDLER, J., for the Court.
¶ 1. Maria Page appeals the dismissal of her civil suit against Sherry Crawford by the Circuit Court of Lee County for failing to timely serve process upon the defendant. Page submits three errors in the decision of the court below:
I. THE PLAINTIFF SHOWED GOOD CAUSE FOR FAILURE TO SERVE PROCESS WITHIN 120 DAYS IF, IN FACT, SERVICE WAS NOT PROPERLY PERFECTED IN THAT TIME.
II. PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS OUT OF TIME SHOULD HAVE BEEN GRANTED.
III. DEFENDANT WAIVED SERVICE OF PROCESS ISSUE BY PURPOSEFULLY AVAILING HERSELF OF THE COURT'S JURISDICTION BY FREELY ENGAGING IN LITIGATION.
¶ 2. Finding error, we reverse and remand.

FACTS
¶ 3. This civil suit arose out of a motor vehicle accident in Tupelo, Mississippi on November 2, 1999. Page alleges Crawford negligently struck her vehicle by failing to keep a proper lookout as she attempted to turn into the stream of traffic. Page negotiated with Crawford's insurer for some time for coverage of her damages but was unable to reach a settlement. The complaint was filed on April 17, 2002.
¶ 4. Page caused summons to issue on at least four occasions between April and June, 2002 and attempted service by both process server and the county sheriff's office. Service was first attempted at the address Crawford had given police at the time of the accident then at addresses supplied by unstated information gleaned by the process servers. Crawford could not be found on any of those occasions.
¶ 5. At some point, Crawford married Dennis Williamson. Page learned of Williamson's place of employment and sent to him two letters in July, 2002, one by regular post, the second by certified mail. The certified letter was never claimed. The correspondence was styled a courtesy letter to notify Williamson of the suit against his wife and asked that Crawford retrieve a copy of the complaint and summons at the office of Page's counsel due to the failure to locate her.
¶ 6. Shortly after the letter was sent, Page attempted to complete service through publication in the local newspaper *611 on August 6, 13 and 20, 2002. On August 30, 2002, Crawford filed an answer to the complaint and asserted as a defense the failure to effect service of process. At the same time, Crawford submitted discovery requests.
¶ 7. On September 6, Crawford filed a motion to dismiss based upon the failure to effect service of process. Page answered the motion and filed a motion to allow out-of-time service. The motions came on for hearing on April 4, 2003 approximately five months after the statute of limitation on the cause of action expired. Page argued Crawford, knowing of the suit, purposefully evaded personal service but, in any case, service was effected through publication. Page also argued Crawford had waived the issue of service through participation in the litigation, that of submission of interrogatories. Crawford, in response, stated she had maintained her present address for several years, an address which was readily ascertainable through a review of the county land rolls, defects existed in the attempted service by publication which rendered it ineffective, and she did not waive any of her rights through participation in the litigation.
¶ 8. The circuit court filed an order on April 25, 2003, denying Page's motion for out-of-time service and granting the motion to dismiss. Appeal of that decision was perfected and the case deflected to this court for review.

ANALYSIS
I. THE PLAINTIFF SHOWED GOOD CAUSE FOR FAILURE TO SERVE PROCESS WITHIN 120 DAYS IF, IN FACT, SERVICE WAS NOT PROPERLY PERFECTED IN THAT TIME.
¶ 9. Page asserts that the trial court erred in dismissing her civil suit because she showed good cause for failure to serve process within 120 days if, in fact, service was not properly perfected in that time. A court rule requires that service of a summons and complaint be made to a civil suit defendant within 120 days of the date the complaint is filed. M.R.C.P. 4(h). Thereafter, the suit shall be dismissed without prejudice upon motion of either the defendant or upon the court's own motion. Id. However, the 120-day rule may not be applied if the plaintiff is able to show good cause why service was not made in that time. Id. Whether or not the plaintiff can show good cause is a discretionary matter for the trial court and is entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination. Rains v. Gardner, 731 So.2d 1192 (¶ 18) (Miss.1999).
¶ 10. Page contends that Crawford purposefully evaded service of process knowing the suit against her had been filed. Attempts to find her included a search of the records of public utilities and inquiries apparently made by the process servers. Page also cites her letters to Crawford's spouse and argues the failure of Williamson to retrieve the certified letter is proof of intent to avoid service. Crawford submits she has lived at the same address since prior to the filing of the complaint in this case and Page could easily have found her address by simply reviewing the land roll. She also argues the failure to include an affidavit or sworn complaint that she could not be located after diligent inquiry in the attempted service by publication as required by Mississippi Rule of Civil Procedure Rule 4(c)(4)(A) renders that attempt invalid.
¶ 11. There is no bright line rule as to how many efforts must be made by a plaintiff to locate a named defendant to satisfy the requirement of diligent inquiry. *612 There is also the question of balancing the quality of those inquiries with their quantity. Standing on a street corner and asking passersby if they know the defendant's location would clearly not constitute diligence, no matter how many persons were asked in that manner. Beyond that, it becomes a matter of balancing quantity, quality and the interests of the parties.
¶ 12. In this case, Page did make several attempts to locate and serve Crawford within the 120-day period, searching through both telephone and utility directories and repeatedly engaging process servers. When Page finally found Crawford's husband, he refused to accept certified letters regarding the matter. Although land records do seem like an obvious place to conduct an inquiry, Page was looking under a former name that was given at the time of the accident. The circuit court did not make a finding pertaining to whether good cause existed, but merely held that Crawford's motion to dismiss was well taken and should be granted. We therefore remand to the trial court for a determination of whether good cause was shown.
II. PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS OUT OF TIME SHOULD HAVE BEEN GRANTED.
III. DEFENDANT WAIVED SERVICE OF PROCESS ISSUE BY PURPOSEFULLY AVAILING HERSELF OF THE COURT'S JURISDICTION BY FREELY ENGAGING IN LITIGATION.
¶ 13. The decision that Page was unable to show good cause for delay for purposes of allowing out-of-time service of process was a discretionary matter for the trial court. Absent a finding pertaining to whether good cause existed, we will not reach this issue. As to the question of service of process via publication, the order of the trial court does not address this matter. Service of process by publication is only permissible after the plaintiff has failed in locating the defendant to effect personal service following diligent inquiry. In remanding the decision that Page failed to show good cause why personal service had not been effected, service by publication and any defects in that attempt, are moot.
¶ 14. Finally, there is the issue of whether or not Crawford waived service of process by participating in the litigation through the submission of discovery requests. Defenses based upon insufficiency of process or service of process must be asserted in the responsive pleading to the complaint. M.R.C.P. 12(b)(5)(6). These defenses are waived if not asserted in the responsive pleading. M.R.C.P. 12(h). Page argues the active participation by Crawford in the underlying litigation constitutes a tacit waiver of the service of process defense. Crawford should have seen through the question of personal jurisdiction before proceeding further, according to Page.
¶ 15. Once the defense of failure of service of process has been made in the responsive pleading, it is not waived by the mere submission of other pleadings in the case, nor even by participation in a trial on the merits. Mitchell v. Mitchell, 767 So.2d 1078, 1085 (¶ 24) (Miss.Ct.App.2000). The error is preserved until its resolution by the court. Id. It may also be resolved through an affirmative disavowal by the defendant but that did not occur in this case. The claim of error is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
*613 KING, C.J., BRIDGES P.J., LEE, AND MYERS, JJ., CONCUR. GRIFFIS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, J.
GRIFFIS, J., Concurring in Part and Dissenting in Part.
¶ 17. With much respect for the majority, I respectfully concur in part and dissent in part.
¶ 18. First, I conclude that the trial judge did in fact consider and determine that good cause did not exist. The record and transcript from the hearing on the motion to dismiss reveal that the plaintiff's diligence in serving the defendant was thoroughly briefed and argued. Thereafter, the trial court executed an order that granted the motion to dismiss. The court's decision, in and of itself, sufficiently indicates that the trial court did not accept the plaintiff's good cause argument. Since the record adequately reflects that the court considered and decided the issue, I see no purpose to reverse and remand. Indeed, there is nothing more for the trial court to do on remand but revise the judgment to state that the court finds that good cause did not exist for the plaintiff's delay in service of process.
¶ 19. Regardless, I am of the opinion that the trial court's decision of whether good cause existed was within the trial court's discretion. Young v. Hooker, 753 So.2d 456, 461 (¶ 17) (Miss.Ct.App.1999). Since I find that the trial court made the determination that good cause was not present and I find no abuse of that discretion, I would affirm the trial court's dismissal. Therefore, I dissent from the majority's decision to remand for a determination of whether good cause was shown.
¶ 20. Second, I concur with the result reached on the majority's final issue but I believe that a clarification of the legal reasoning is necessary. The majority frames the issue as "whether or not Crawford waived service of process by participating in the litigation through the submission of discovery requests." The majority then cites Mitchell v. Mitchell, 767 So.2d 1078, 1085(¶ 24) (Miss.Ct.App.2000), for the proposition that "[o]nce the defense of failure of service of process has been made in the responsive pleading, it is not waived by the mere submission of other pleadings in the case, nor even by participation in a trial on the merits." Certainly, once a Rule 12(b) defense is properly asserted, the defense is not waived by the party submitting discovery requests or proceeding in the normal course of litigation.
¶ 21. My concern is the possibility that the majority's use of phrase that the defense "is not waived ... even by participation in a trial on the merits" may be misinterpreted and inconsistently applied. Although not mentioned specifically by the majority or the Court in Mitchell, Rule 12(d) of the Mississippi Rules of Civil Procedure is relevant and important to this analysis:
Preliminary Hearings. The defenses specifically enumerated (1) through (7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment on the pleadings (subdivision (c) of this rule), shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.
¶ 22. Rule 12(d) clearly requires that defenses asserted under Rule 12(b)(1)  (7) and 12(c) are preliminary matters that are to be heard prior to trial unless the court postpones the consideration. In Mitchell, this Court recognized that the defendant had properly preserved her Rule 12(b) jurisdictional defenses and complied with *614 Rule 12(d) by asserting the jurisdictional defense in a preliminary motion. Mitchell, 767 So.2d at 1085(¶ 24). Similarly, here, Crawford preserved her jurisdictional defense by presenting it to the court in a preliminary motion.
¶ 23. Hence, I believe that we must clarify the majority's conclusion that Rule 12(b) jurisdictional defenses are "preserved until resolution by the court." Rule 12(d) clearly requires that a defendant present Rule 12(b) jurisdictional defenses promptly, for consideration by the court in a preliminary hearing. A defendant may not assert a Rule 12(b) defense and lie in wait, without court approval, until the trial on the merits to pursue a decision on the motion. Such delay would violate the specific requirement of Rule 12(d) and would constitute a waiver of the Rule 12(b) defense.
IRVING, J., JOINS THIS SEPARATE WRITTEN OPINION.