MYERS, P.J.,
for the Court.
¶ 1. This appeal is back before this court from the Circuit Court of Lee County concerning a determination of whether Maria Page showed good cause under M.R.C.P. 4(h) for failure to serve Sherry Crawford with process within 120 days of the filing her complaint.
STATEMENT OF FACTS
¶ 2. This appeal is before us for a second time concerning Maria Page’s failure to serve defendant Sherry Crawford with process within the 120 days required by M.R.C.P. 4(h) for injuries sustained in a motor vehicle accident. Our previous decision, Page v. Crawford, 883 So.2d 609 (Miss.App.2004), reversed and remanded the case to the circuit court for a determination of whether good cause could be shown for the dismissal. Following the remand, Crawford scheduled a hearing on her motion to dismiss and on Page’s motion for leave to serve process out of time for January 20, 2005. On November 4, 2004, the circuit court entered an order granting Crawford’s motion to dismiss. This motion was granted without an additional hearing on the motions. Page appeals this dismissal raising one error:
THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANT’S MOTION TO DISMISS UPON REMAND WITHOUT MAKING A DETERMINATION OF WHETHER GOOD CAUSE EXISTS.
STANDARD OF REVIEW
¶ 3. A determination of good cause is a discretionary ruling by the trial court and is entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination. Webster v. Webster, 834 So.2d 26, 28 (¶ 5) (Miss.2002).
DISCUSSION
¶4. In this appeal Page requests that this Court, once again, remand this case to the Circuit Court of Lee County for a good cause hearing. We do not agree. Page, in her brief, points to no Mississippi authority that would require such a hearing. Rule 4(h) of the Mississippi Rules of Civil Procedure states:
*1018 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Nowhere in this rule is there a requirement that a hearing be held to determine whether good cause exists.
¶ 5. Motion practice is governed by Rule 78 of the Mississippi Rules of Civil Procedure which provides in pertinent part: “To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.” M.R.C.P. 78. This portion of the rule permits any court to expedite its business through the adoption of local rules. Local Rule 4(f) of the Circuit Courts of the First Circuit Court District deals with the notice and hearing requirements for motion practice. This rule states in pertinent part: “All motions shall be decided by the Court without a hearing or oral argument unless otherwise ordered by the Court on its own motion, or, in its discretion, upon written motion made by either counsel.” Local Rule 4(f). This rule clearly leaves to the discretion of the court the necessity for a hearing on all motions.
¶ 6. Prior to the first appeal in this case a hearing was held at which both parties submitted briefs and made oral arguments as to Page’s “Motion for Leave to Serve Process Out of Time” and Crawford’s “Motion to Dismiss.” In the circuit court’s order, following remand, he states that “there is no need for additional arguments or briefs since the parties’ respective motions have already been fully addressed by the parties through briefs and oral arguments, and there being no change in the underlying facts since this is [sic] court’s previous consideration of the parties’ motions .... ” The court went on to determine that Page had not shown good cause at this previous hearing and ordered Page’s “Motion for Leave” be denied and Crawford’s “Motion to Dismiss” be granted. The circuit court’s order to dismiss without a hearing was within its prerogative and it clearly states that no further hearing is necessary. We will defer to the trial court when making evidentiary rulings in motion practice.
¶ 7. Finding that the order entered by the Circuit Court of Lee County conforms to our earlier opinion in this case and that the circuit court judge did not abuse his discretion, we affirm.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, AND ISHEE, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.