LEE, P.J., for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Dori Worthy filed a complaint in the Pearl River County Circuit Court on February 7, 2007, against Dr. Timothy J. Trai-nor and Dr. Delora Denney alleging medical malpractice stemming from treatment she received from the doctors in 2002. This appeal solely concerns Dr. Trainor. Process for Dr. Trainor was issued on February 7, 2007, although the first attempt at service of process was on May 14, 2007. The process server returned the summons unserved to the clerk’s office because Dr. Trainor’s office had relocated to Slidell, Louisiana.
 

 ¶ 2. On or about June 4, 2007, Worthy attempted service upon Dr. Trainor at his office in Slidell via certified mail. The receptionist at Dr. Trainor’s office, Anna Russo, signed for the copy of the summons and complaint. The proof of service was filed in the clerk’s office on August 6, 2007. On August 28, 2007, Dr. Trainor filed an answer and a motion to dismiss, alleging that Worthy failed to comply with the dictates of Rule 4(c)(5) of the Mississippi Rules of Civil Procedure by failing to mark the envelope “restricted delivery.” On September 24, 2007, Worthy filed a response to Dr. Trainor’s motion to dismiss, asking the trial court for an extension of time to serve process upon Dr. Trainor. After a hearing on the matter, the trial court granted Dr. Trainor’s motion and dismissed the action without prejudice. The trial court also denied Worthy’s motion for an extension of time to serve process upon Dr. Trainor.
 

 ¶ 3. Worthy now appeals, asserting that the trial court erred in denying her motion for an extension of time to serve process upon Dr. Trainor.
 

 DISCUSSION
 

 ¶ 4. In her only issue on appeal, Worthy argues that the trial court erred in denying her motion for an extension of time to serve process upon Dr. Trainor. Worthy contends that she acted diligently in attempting to serve process upon Dr. Trainor. If the trial court’s decision to grant or deny a motion for extension of time pursuant to Rule 4(h) of the Mississippi Rules of Civil Procedure is based upon fact and not law, we review the decision under the familiar abuse-of-discretion standard.
 
 Rains v. Gardner,
 
 731 So.2d 1192, 1198(¶19) (Miss.1999). Rule 4(h) simply provides that a party shall be dismissed from an action if service is not had on that party within 120 days absent good cause shown. “It is the well[-]settled rule that service of process on a non-resident defendant is jurisdictional requiring strict compliance with statutory procedures.”
 
 Birindelli v. Egelston,
 
 404 So.2d 322, 323-24 (Miss.1981). “To establish ‘good cause’ the plaintiff must demonstrate ‘at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of
 
 *1269
 
 the rules usually does not suffice.’ ”
 
 Watters v. Stripling,
 
 675 So.2d 1242, 1243 (Miss.1996) (citing
 
 Sys. Signs Supplies v. U.S. Dep’t. of Justice,
 
 903 F.2d 1011, 1013 (5th Cir.1990)).
 

 ¶ 5. Pursuant to Rule 4(c)(5) of the Mississippi Rules of Civil Procedure, service of process upon a person outside Mississippi may be accomplished “by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked ‘restricted delivery.’ ” The trial court determined that Worthy failed to strictly comply with Rule 4(c)(5) because the envelope was not marked “restricted delivery.”
 

 ¶ 6. We first note that the envelope was never presented to establish whether it was marked “restricted delivery.” Dr. Trainor included a copy of the proof of service “green card” for certified mailing. The green card indicated that Russo signed for the summons and complaint, and the “yes” box next to “restricted delivery” was not marked. Worthy did produce a receipt from the United States Postal Service indicating that she had paid, in addition to other postage fees, a restricted delivery fee for an item on June 1, 2007. After receiving the green card with Russo’s signature, Worthy did not attempt to serve Dr. Trainor again. Worthy only requested an extension of time to correct her mistake after Dr. Trainor filed his motion to dismiss for insufficient service of process. Our supreme court has held that although “a motion for additional time may be filed after the 120-day time period has expired, a diligent plaintiff should file such a motion within the 120-day time period” to support a claim that good cause existed for the failure to properly serve process.
 
 Webster v. Webster,
 
 834 So.2d 26, 29(¶ 11) (Miss.2002). We cannot find that the trial court abused its discretion in denying Worthy’s motion for an extension of time. This issue is without merit.
 

 ¶ 7. We note that Dr. Trainor did not waive personal jurisdiction because he raised the defense of improper service of process in his answer and in his motion to dismiss, both of which were filed the same day.
 
 See Schustz v. Buccaneer, Inc.,
 
 850 So.2d 209, 213 (¶¶ 15-16) (Miss.Ct.App. 2003) (contest to court’s in personam jurisdiction must be asserted by motion or otherwise at first opportunity after the appearance in order to not be waived).
 

 ¶ 8. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS,
 

 CARLTON AND MAXWELL, JJ„ CONCUR. BARNES, J., CONCURS IN RESULT ONLY.