# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00390-SCT

*CHERYL A. WEBSTER*

*v.*

*JAMES A. FANNINGS, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2020 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| TRIAL COURT ATTORNEYS: | CHERYL ANN WEBSTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER MICHAEL FINN |
| ATTORNEY FOR APPELLEE: | JAMES A. FANNINGS, JR. (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 02/18/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### KING, P.J., CHAMBERLIN AND ISHEE, JJ.

### ISHEE, JUSTICE, FOR THE COURT:

¶1. This is an interlocutory appeal from the circuit court's refusal to dismiss a complaint for insufficient service of process. James Fannings had his former attorney served with a handwritten summons that deviated from requirements set out in the Mississippi Rules of Civil Procedure. At issue is whether the summons substantially complied with Rule 4(b). We conclude that it did not.

### FACTS

¶2. On January 1, 2018, James Fannings, an inmate in the custody of the Mississippi Department of Corrections, filed a suit against his former attorney, Cheryl Webster, in the

Bolivar County Circuit Court. Fannings styled his suit a "Motion for Civil Complaint & Action for Ineffective Assistance of Counsel[,] Breach of Trust[,] Breach of Contract[,] and Professional Misconduct[] [i]n Violation of MRPC 1.2(a)[,] MRPC 1.3[, and] MRPC 8.4(a)." Fannings alleged that he had hired Webster to represent him in a postconviction-relief case in 2015 and that he had paid her $3000 for her services. Webster represented Fannings in the postconviction case until the "Judge made an error on a Judgement [sic] and later removed himself from [Fannings's] case." After that, Fannings alleged, Webster failed to make court appearances, he could not contact her, and he was forced to hire another attorney.

¶3.     Fannings had Webster served with the complaint and a handwritten summons apparently modeled on a federal summons. Most notably, the summons failed to specify the judicial district of the Bolivar County Circuit Court to which it was to be returned and erroneously stated that an answer was required in twenty-one days instead of thirty days.

¶4.     Webster then filed a motion to dismiss the complaint for lack of personal jurisdiction due to insufficiency of process. The circuit court denied the motion because "the Summons and Complaint served on Defendant were sufficient to give reasonable notice of Plaintiff's lawsuit notwithstanding the specified defects in the summons." Webster then sought and received permission from this Court to file an interlocutory appeal. Webster filed her brief as the appellant, but Fannings did not file an appellee's brief.

**STANDARD OF REVIEW**

2

¶5. "This Court applies a de novo standard of review to the trial court's decision to grant or deny a motion to dismiss." *Cent. Insurers of Grenada, Inc. v. Greenwood*, 268 So. 3d 493, 497 (Miss. 2018) (citing *McClain v. Clark*, 992 So. 2d 636, 637 (Miss. 2008)). Regarding Fannings's failure to file a brief:

> This Court has adopted two alternative approaches for reviewing a case in which the appellee has neglected to file a brief. First, the Court may "accept appellant's brief as confessed and . . . reverse." *May v. May*, 297 So. 2d 912, 913 (Miss. 1974). That is the appropriate course of action when the record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out "an apparent case of error." *Miller v. Pannell*, 815 So. 2d 1117, 1119 (Miss. 2002) (internal quotation mark omitted) (quoting *May*, 297 So. 2d at 913). "The second alternative is to disregard the appellees' error and affirm." *Id.* "This alternative should be used when the record can be conveniently examined and such examination reveals a 'sound and unmistakable basis or ground upon which the judgment may be safely affirmed.'" *Id.* (quoting *May*, 297 So. 2d at 913).

*Stratton v. McKey*, 298 So. 3d 999, 1003 (Miss. 2020).

## DISCUSSION

¶6. Mississippi Rule of Civil Procedure 4 outlines the means of service of the complaint and the form of the accompanying summons. Rule 4(b) states in relevant part:

> **(b) Same: Form.** The summons shall be dated and signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. . . . Summons served by process server shall substantially conform to Form 1A. Summons served by sheriff shall substantially conform to Form 1AA.

3

¶7. "Service of process is . . . the physical means by which [personal] jurisdiction is asserted." *Greenwood*, 268 So. 3d at 497 (second alteration in original) (internal quotation marks omitted) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). "The existence of personal jurisdiction . . . depends on the presence of reasonable notice to the defendant that an action has been brought." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Kulko v. Cal. Superior Ct.*, 436 U.S. 84, 91, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978)).

¶8. Webster points out several defects in the summons as served, notably that it failed to specify the court in which the suit had been filed and that it erroneously commanded that the answer be filed within twenty-one days when the rules allow thirty days within which to file an answer. M.R.C.P. 12(a).

¶9. Rule 4(b) requires that the summons "contain the name of the court." Fannings's summons states that it is returnable to the "Bolivar County Circuit Court," but Bolivar County is divided into two judicial districts. This Court has held that "the failure to make service of process returnable to the proper district rendered service of process fatally defective . . . ." *Birindelli v. Egelston*, 404 So. 2d 322, 324 (Miss. 1981). "[W]e held in *Rogers v. State*, 266 So. 2d 10, 16 (Miss. 1972), that 'when two judicial districts are created in a county, the effect is the same for jurisdictional purposes as if they were two counties.'" *Birindelli*, 404 So. 2d at 324 (quoting *Rogers*, 266 So. 2d at 16). Both the Corpus Juris Secundum and the American Jurisprudence take the position that this omission is a fatal

4

defect.  *See* 72 C.J.S. *Process* § 21, Westlaw (database updated Oct. 2020); 62B Am. Jur. 2d *Process* § 73, Westlaw (database updated Nov. 2020).  "The failure to name the court in which the action is brought is a jurisdictional defect as opposed to a mere defect in form, and thus renders the summons void."  72 C.J.S. *Process* § 21 (footnotes omitted) (citations omitted).

¶10.    The summons here erroneously stated that the responsive pleading was to be served within twenty-one days when the rules permit thirty days within which to do so. M.R.C.P. 12(a).  This is also a material defect because it "issu[ed] a command that [the circuit court] was not authorized to make."  ***Tanfield Eng'g Sys., Inc. v. Thornton***, 97 So. 3d 694, 701 n.16 (Miss. 2012) (Randolph, J, dissenting); s*ee also* 62B Am. Jur. 2d *Process* § 74, Westlaw (database updated Nov. 2020) ("[I]t is essential that process specify the time for the defendant to appear and defend in order to make the defendant a party and require it to take action in that capacity.  Process is invalid if it fails to fix a return day." (footnotes omitted)).

¶11.    Webster further points out that the summons here included neither an address for the plaintiff, Fannings, nor a date by the circuit clerk as required by Mississippi Rule of Civil Procedure 4(b).

¶12.    We acknowledge that it does appear that Webster, an attorney, may have had actual notice of the complaint sufficient to answer it.  "Notice . . . by far is the paramount factor and purpose of all process."  ***Brown v. Riley***, 580 So. 2d 1234, 1237 (Miss. 1991) (citing ***First Jackson Securities Corp. v. B.F. Goodrich Co.***, 253 Miss. 519, 176 So. 2d 272 (1965); ***Mid-***

5

***S. Pipeline Contractors, Inc. v. Citizens Nat'l Bank of Meridian***, 239 Miss. 621, 124 So. 2d 697 (1960)). But that "is not the entire story." ***Id.*** "Certain statutory formalities attend every process, and as this Court held . . . actual knowledge by a defendant of the pendency of a suit against him is immaterial, 'unless there has been a legal summons or a legal appearance.'" ***Id.*** (citation omitted) (quoting ***McCoy v. Watson***, 154 Miss. 307, 122 So. 368, 370 (1929); *see also* ***Butler v. Brantley*** (***In re Conservatorship of Brantley***), 865 So. 2d 1126, 1133 (Miss. 2004). "Aside from notice, therefore, courts examine whether a summons has 'substantially' complied with process statutes." ***Brown***, 580 So. 2d at 1237. Mississippi Code Section 13-3-5 (Rev. 2019) provides that the summons' form "shall be governed by the Mississippi Rules of Civil Procedure."

## CONCLUSION

¶13. Fannings failed to file an appellee's brief and has provided no arguments against the authorities noted above. The record does not reveal a "sound and unmistakable basis or ground upon which the judgment may be safely affirmed" because the trial judge's ruling was in conflict with established Mississippi precedent. ***Stratton***, 298 So. 3d at 1003 (internal quotation marks omitted) (quoting ***Miller***, 815 So. 2d at 1119). We are satisfied that the circuit court should have dismissed the complaint because the summons failed to substantially comply with the form required by Rule 4(b) of the Mississippi Rules of Civil Procedure. Thus, we reverse the circuit court's denial of the motion to dismiss and remand the case for the trial court to enter an order dismissing the complaint.

6

¶14.	**REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR**