# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00081-SCT

*BILLY NELSON AND GAYNELLE NELSON, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF JUSTIN NELSON, AND AS REPRESENTATIVES OF ALL WRONGFUL DEATH BENEFICIARIES AND HEIRS OF BOBBY NELSON, DECEASED*

*v.*

*BAPTIST MEMORIAL HOSPITAL - NORTH MISSISSIPPI, INC.; WILLIAM E. HENDERSON, JR., M.D.; OXFORD CLINIC FOR WOMEN, A PARTNERSHIP; IRA LAMAR COUEY, M.D., GENERAL PARTNER; R. BLAKE SMITH, M.D., GENERAL PARTNER; WILLIAM E. HENDERSON, JR., M.D., GENERAL PARTNER; AND BO MARTIN, M.D.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/01/2008 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MARGARET P. ELLIS |
| | RODERICK D. WARD, III |
| ATTORNEYS FOR APPELLEES: | CLINTON M. GUENTHER |
| | WALTER ALAN DAVIS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS AFFIRMED - 09/15/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     In this certiorari case, we are asked to determine whether the defendant clinic and doctors were properly served when the plaintiffs' process server left process with the defendants' office manager. The Court of Appeals declined to consider this issue even though it was raised in both direct appeals of this case. Following the Court of Appeals' opinion in the second appeal, both parties petitioned for certiorari based on the Court of Appeals' refusal to consider the service-of-process issue "that was not presented to the circuit court."[1] The Court of Appeals further stated that "on remand, the circuit court may consider this issue."[2] However, both parties concede the issue was presented to and ruled on by the trial court, and that it needs no further consideration by that court. We agree and affirm the trial court's finding that the plaintiffs failed properly to serve the defendant clinic and doctors when the plaintiffs attempted to effect personal service by leaving process with their office manager. Because of this failure, the statute of limitations has run against the defendant clinic and doctors and the action against them must be dismissed with prejudice.

**Facts**

¶2.     On April 26, 2001, Gaynelle Nelson gave birth to a baby boy, who died on July 14, 2001. On July 9, 2003, Gaynelle and her husband, Billy Nelson, filed a wrongful-death action in which they alleged the medical negligence of Baptist Memorial Hospital-North

---

[1]*Nelson v. Baptist Mem'l Hosp-N. Miss., Inc.*, 2010 WL 3638795, *10 (Miss. Ct. App. Sept. 1, 2010) (*Nelson II*).

[2]*Id.*

2

Mississippi, Inc.,[3] the Oxford Clinic for Women ("Clinic"), and Doctors William Henderson, Ira Couey, and R. Smith ( collectively "Doctors"), caused their child's death. All of the named Doctors are general partners of the Clinic.

¶3. Summonses were issued on October 22, 2003, and on November 3, 2003, the Nelsons filed a motion for additional time to serve the defendants. The trial court granted the plaintiffs an additional ninety days to serve process. Summonses were reissued on January 9, 2004, with the returned summonses filed January 20, 2004. The returned summonses reflect that Candace Hogue, the office manager for the Clinic and Doctors, was personally served with process.[4]

¶4. The Clinic and Doctors then filed a motion to dismiss, arguing the action was time-barred based on three errors: (1) the Nelsons failed to comply with Mississippi Code Section 11-1-58 and attach a certificate of expert consultation to their complaint; (2) the Nelsons failed to comply with Mississippi Code Section 15-1-36(15) and provide sixty days' presuit notice; and (3) the Nelsons failed properly to serve the Clinic and Doctors. Each doctor also filed an affidavit in which he or she denied ever having been personally served with a summons or complaint and that Candace Hogue "is not and has never been authorized or designated as my agent for service of process or as agent for service of process on/for Oxford

---

[3]Baptist Memorial Hospital-North Mississippi, Inc., did not file a petition for certiorari. The Court of Appeals found "there [is] no question that the Hospital was properly served with process." *Id.* at \*5.

[4]The returned summonses are not contained in the record. However, it is undisputed that the Nelsons' process server left process with Candace Hogue.

Clinic for Women." Likewise, the Clinic and Doctors filed Hogue's affidavit, in which she denied that she was or had ever been an "agent authorized by appointment or by law to receive service of process on behalf" of the Doctors and Clinic. She averred that an unidentified male delivered unidentified documents to her that she later discovered were summonses and complaints. She also averred that the person never asked or attempted to see or serve any of the Doctors with the documents.

¶5. Contrary to Hogue's averments, the Nelsons filed the affidavit of their process server, Tommy Gadd. Gadd averred that he had served all summonses on Hogue "who had advised [him] that she had authority to accept summons" on behalf of the Doctors and Clinic. He also averred that it was his "understanding" that "she was familiar with this case when she accepted the summons."

¶6. The trial court held a hearing on the motion to dismiss, in which it heard arguments for each of the three grounds the defendants argued warranted dismissal. Relevant to the issue of process, Candace Hogue testified at the hearing. Hogue reiterated the information contained in her affidavit, and she also testified that she had never before seen the person who left the summonses and complaints. Hogue testified that she had never before accepted service of process and that it was not her custom and practice to accept process. She stated that the person informed her he had some papers to leave, and then he handed her a brown envelope. According to Hogue, she asked him if he needed to speak or leave anything with the physicians, to which he replied "no." The Nelsons did not call Tommy Gadd to testify at the hearing.

4

¶7. The trial court agreed with each of the defendants' arguments and dismissed the action *with prejudice*. It noted that the Nelsons had filed their action on July 9, 2003, five days before the expiration of the applicable, two-year statute of limitations. The court ruled that "Mrs. Hogue is not, and was not, the agent for process for the individuals/physicians nor for Oxford Clinic for Women . . . . The individual defendants, the physicians and Oxford Clinic for Women have never been properly served with process." It ultimately held the action was time-barred.

¶8. However, on the initial appeal, the Court of Appeals ordered the action dismissed *without prejudice* for the Nelsons' failure to provide presuit notice under Mississippi Code Section 15-1-36(15) and failure to attach a certificate of expert consultation under Mississippi Code Section 11-1-58(1).[5] In its opinion, the Court of Appeals expressly declined to address the issue of whether the Nelsons properly had served process on the defendants, finding the issue "moot."[6]

¶9. On March 26, 2008, the Nelsons refiled their complaint against Baptist, the Doctors, and the Clinic. In response to this action, the Doctors and the Clinic once again moved to dismiss the action as time-barred. They again asserted three different grounds in support of their motion to dismiss. First, they argued that the statute of limitations began to run the date of the alleged negligence (April 25, 2001), not on Bobby Nelson's death (July 14, 2001).

---

[5]*Nelson v. Baptist Mem'l Hosp-N. Miss., Inc.*, 972 So. 2d 667 (Miss. Ct. App. 2007) (*Nelson I*).

[6]*Id.* at 673.

Second, they argued that the first complaint, filed on July 9, 2003, was a nullity that could not toll the statute of limitations, since the Nelsons had failed to comply with Sections 15-1-36(15) and 11-1-58(1). Third, they argued the Nelsons had failed to effect service of process in *Nelson I*, so the statute of limitations had expired before the filing of the second (March 26, 2008) complaint.

¶10. At the hearing on the motion to dismiss, the Doctors and the Clinic reminded the trial court of its previous finding of deficient service of process in *Nelson I*. However, the trial court made no finding regarding the service-of-process argument when it dismissed with prejudice the Nelsons' second action. It instead dismissed the action because of the Nelsons' failure to comply with Section 15-1-36(15).[7] But the Court of Appeals again reversed the trial court and remanded for further proceedings.[8] It ruled the Nelsons' noncompliance with Section 15-1-36(15) did not cause the 2003 complaint to be a nullity.[9] It specifically held that "the statute of limitations was tolled when the Nelsons filed their original complaint *presuming proper service on the defendants*. There is no question that the Hospital was properly served. There remains an issue as to whether service of process on the Clinic and the doctors was obtained[.]"[10] The Court of Appeals then declined to address whether the Nelsons properly had served the Clinic and the Doctors; it found the matter "was not

---

[7]*See* Miss. Code Ann. § 15-1-36(15) (Rev. 2003).

[8]*Nelson II*, 2010 WL 3638795 at *10

[9]*Id.* at *5-*6.

[10]*Id.* at *5 (emphasis added).

6

presented to the circuit court," but that the circuit court could consider the issue on remand.[11] However, after reviewing the record, we find this issue *was presented* to the circuit court in *Nelson I* and *Nelson II* and was raised in both appeals. So we take this opportunity to resolve the only issue raised on certiorari: whether the Nelsons properly served process upon the Clinic and the Doctors.

**Discussion**

¶11. The Nelsons argue that, even if service of process was insufficient in *Nelson I*, the Court of Appeals dismissed the action without prejudice, which provided them the opportunity to refile their complaint and properly serve the Clinic and the Doctors in *Nelson II*. They also assert that service of process upon Hogue was proper, and that the issue of Hogue's apparent authority to accept process is a question for the jury, not the court. Last, they argue the Clinic and the Doctors failed to appeal or cross-appeal the issue of service of process in *Nelson II*, so it was not properly before the appellate court in the second appeal.

¶12. Conversely, the Clinic and the Doctors correctly note that the *Nelsons themselves* raised the issue of service of process in their appellant brief in *Nelson II*. The Clinic and the Doctors urge this Court to accept the trial court's ruling in *Nelson I* that personal service upon Hogue was deficient, as she was not an agent for service of process. According to the Clinic and the Doctors, the statute of limitations began running after the Nelsons had failed to effect service of process within the ninety-day extension the trial court granted. Therefore,

---

[11]*Id.* at *10.

they argue the five days remaining under the statute of limitations has run, and the action is time-barred and should be dismissed with prejudice.

¶13.     We disagree with the Nelsons' argument that the Court of Appeals' dismissal without prejudice in *Nelson I* was an implicit ruling on the service-of-process issue. The Court of Appeals expressly declined to address the service-of-process issue and made no ruling on it. And as we will explain below, our caselaw shows that the court, not the jury, answers this question.

¶14.     Service of process is governed primarily by our rules of civil procedure. Mississippi Rule of Civil Procedure 4(d) provides in relevant part that:

> Service by sheriff or process server shall be made as follows:
> (1) Upon an individual other than an unmarried infant or a mentally incompetent person, (A) by delivering a copy of the summons and of the complaint to him personally *or to an agent authorized by appointment or by law to receive service of process . . . .*
>
> . . .
>
> (4) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, *or to any other agent authorized by appointment or by law to receive service of process.*[12]

So we must determine whether Hogue was an "agent authorized by appointment or by law to receive service of process."

---

[12]Miss. R. Civ. P. 4(d)(1)(A), 4(d)(4) (emphasis added). We note that Rule 4(d)(4) is supplemented by Mississippi Code Section 13-3-55, which provides that "service of process on any partner shall be sufficient to maintain the suit against all the partners so as to bind the assets of the partnership and of the individual summoned." Miss. Code Ann. § 13-3-55 (Rev. 2002).

¶15.     In ***Williams v. Kilgore***, this Court considered whether an office manager for two doctors was an agent "authorized by appointment or by law" to accept service of process.[13] In that case, both doctors submitted affidavits stating the office manager was not their authorized agent to accept service of process.[14]  Yet the sheriff testified that the office manager had "on many occasions" accepted service of process on behalf of the doctors and that "he had never been instructed to the contrary on this or any other occasion."[15]  This Court found the sheriff had properly served the doctors via the office manager, as our caselaw does not "preclude[] the acceptance of service of process by an agent such as an office manager, who, by custom and practice, is vested with *apparent authority* to do so."[16]

¶16.     But in ***Johnson v. Rao***, this Court distinguished ***Williams*** when we held a doctor's receptionist did not have apparent authority to accept service of process on behalf of the doctor.[17]  In analyzing the issue, this Court first noted that apparent authority has three elements: "(1) [a]cts or conduct of the principal; (2) reliance thereon by a third person[;] and (3) a change of position by the third person to his detriment."[18] This Court then noted that "we must examine each case to determine whether the person was authorized as an agent for

---

[13] ***Williams v. Kilgore***, 618 So. 2d 51, 56 (Miss. 1992).

[14] ***Id.***

[15] ***Id.***

[16] ***Id.*** (emphasis added).

[17] ***Johnson v. Rao***, 952 So. 2d 151, 155-56 (Miss. 2007).

[18] ***Id.*** at 155 (citation omitted).

purposes of accepting service of process."[19] In reviewing the facts, we applied an abuse-of-discretion standard to the trial court's findings and held:

> Here, Dr. Rao's receptionist, Powell, testified that she was not authorized by Dr. Rao to accept service of process; that she was not aware that the papers were regarding a lawsuit against Dr. Rao; that she had never accepted service of process on behalf of Dr. Rao or anyone else, in the past; that the deputy did not ask to see Dr. Rao and did not inform her that he was there to serve process on Dr. Rao. Nothing in the record reveals that Powell was authorized to accept process or that Powell had ever accepted service of process on prior occasions. Further, nothing in the record contradicts that Powell did not have authority to accept service of process on behalf of Dr. Rao.[20]

Because the plaintiff failed properly to serve the doctor with process, this Court further held the statute of limitations had expired and upheld the trial court's dismissal with prejudice.[21]

¶17. In both *Johnson* and *Williams*, the trial court held hearings to determine whether the plaintiffs in those cases properly had served the defendants through their alleged "agents." And in *Johnson*, we specifically applied an abuse-of-discretion standard to the trial court's findings of fact regarding the issue of apparent authority and whether a person qualifies as an agent under Rule 4. Therefore, we find the trial court, not the jury, determines issues of fact regarding service of process, and we apply an abuse-of-discretion standard to the trial court's findings of fact.

¶18. We find this case is similar to *Johnson,* in which we found the receptionist was without apparent authority. Like the receptionist in *Johnson*, Hogue testified that she was

---

[19]*Id.*

[20]*Id.* at 158.

[21]*Id.*

10

not authorized by the Doctors to accept service of process; that she was not aware that the papers pertained to a lawsuit; that she had never accepted service of process on behalf of the Doctors; that the process server did not ask to see any of the Doctors and did not inform her that he was there to serve process on any of them. And, unlike the office manager in *Williams*, Hogue testified that it was not her custom and practice to accept service of process, and she had never seen the process server, Thomas Gadd, before or since he left process with her. Therefore, we find no abuse of discretion in the trial court's conclusion that Hogue was not an "agent" to accept service of process for the Clinic and the Doctors.

¶19.    Without effective service of process, the statute of limitations began to run again after the ninety-day extension,[22] which expired on February 4, 2004. And the parties agree that five days remained on the applicable statute of limitations when the Nelsons filed their first complaint in 2003. Therefore, this action is time-barred against the Clinics and the Doctors, as it was filed on March 26, 2008.

**Conclusion**

¶20.    We uphold the trial court's finding that Candace Hogue, the defendants' office manager, was not an agent to accept service of process on their behalf. Because the Nelsons failed properly to serve the Clinic and the Doctors with process, the statute of limitations has run against these defendants. The judgment of the Court of Appeals is reversed. We affirm the trial court's dismissal with prejudice as to the Clinic and the Doctors.

---

[22]*Crumpton v. Hegwood*, 740 So. 2d 292, 294 (Miss. 1999) (complaint tolls the statute of limitations for a period of 120 days plus any other extension the trial court grants for the plaintiff to serve process upon a defendant).

11

¶21.   THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS AFFIRMED.

WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, CHANDLER AND PIERCE, JJ., CONCUR.  KITCHENS AND KING, JJ., NOT PARTICIPATING.