LEE, C.J.,
for the Court:
¶ 1. This appeal concerns whether service of process was properly issued in a wrongful-death suit. The trial court found service of process was insufficient. We agree but find good cause existed for the failure to serve process within the proper time.
FACTS AND PROCEDURAL HISTORY
¶ 2. R.J. Lewis was a patient of Dr. John Paul Lee. R.J. died on March 23, 2008. On June 1, 2010, Barbara Lewis (Lewis) on behalf of R.J.’s wrongful-death beneficiaries filed suit in Scott County Circuit Court against Dr. Lee and Forest Family Practice (FFP), alleging that their acts and omissions in providing care to R. J. had caused his death. Summons were issued, and Dr. Lee and FFP were served with *680 process. The proofs of service state that on September 21, 2010, process server Gary Windham personally served Dr. Lee with process, individually and in Dr. Lee’s capacity as registered agent for FFP.
¶ 3. Dr. Lee and FFP subsequently filed a motion to dismiss, in which they alleged service of process was insufficient. Dr. Lee and FFP contended that process had been improperly delivered to Winnie McMullan, an office clerk at FFP. According to Dr. Lee, McMullan was not authorized to accept service of process for either Dr. Lee or FFP.
¶ 4. After a hearing on the matter, the trial court granted Dr. Lee and FFP’s motion and dismissed Lewis’s claims with prejudice. Lewis now appeals, asserting the following issues: (1) the trial court applied the incorrect legal standard; (2) service of process was sufficient; (3) public policy supports the presumption that an officer’s return of process is correct; and (4) good cause exists for Lewis to be allowed additional time to serve Dr. Lee and FFP with process.
STANDARD OF REVIEW
¶ 5. We review de novo a trial court’s decision to grant or deny a motion to dismiss. Johnson v. Rao, 952 So.2d 151, 154 (¶ 9) (Miss.2007). Furthermore, “the trial court, not the jury, determines issues of fact regarding service of process, and we apply an abuse-of-discretion standard to the trial court’s findings of fact.” Nelson v. Baptist Mem’l Hosp.-N. Miss., Inc., 70 So.3d 190, 195 (¶ 17) (Miss.2011).
DISCUSSION
I. PROPER LEGAL STANDARD
II. SUFFICIENCY OF SERVICE OF PROCESS
III. PUBLIC-POLICY ARGUMENT
¶ 6. As the first three issues address whether the facts offered by Dr. Lee overcome the presumption that a return of process is presumed correct, we will address them together. A return of service gives rise to a presumption that service was proper; however, that presumption can be rebutted. See McCain v. Dauzat, 791 So.2d 839, 842 (¶ 8) (Miss.2001). According to Rule 4(d)(1)(A) of the Mississippi Rules of Civil Procedure, service of process upon an individual is accomplished “by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process.” Rule 4(d)(4) states that service of process upon a corporation is accomplished “by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.”
¶ 7. Windham testified that his proof of service indicates he served Dr. Lee with process. However, Windham had no independent recollection of doing so. Wind-ham stated that he served process on average between ten and twelve times per day. Windham’s affidavit says he personally served Dr. Lee individually and as registered agent for FFP, but no one else.
¶ 8. McMullan testified she was working as a cashier at FFP on September 21, 2010. McMullan stated early that morning a man entered FFP, handed her some documents, and told her they were for Dr. Lee. McMullan identified the man as Windham. She replied to Windham that she would give Dr. Lee the documents. Windham then left FFP. McMullan testified Windham did not ask to see Dr. Lee or an authorized agent for FFP nor did Windham inform her he was there to serve process on Dr. Lee or FFP. McMullan said she had not been authorized to accept *681 service on behalf of Dr. Lee or FFP. McMullan subsequently handed the documents to the office manager. McMullan executed an affidavit stating the same. Dr. Lee testified that he did not meet Windham or receive any documents from him on September 21, 2010. Dr. Lee further stated McMullan was not authorized to accept service of process on his or FFP’s behalf. Dr. Lee executed an affidavit stating the same.
¶ 9. Court records show that summons were issued to FFP with Dr. Lee listed as its registered agent. The record contains no evidence McMullan was an officer, a managing agent, a general agent, or a registered agent for service of process, or was otherwise authorized to receive service of process on FFP’s or Dr. Lee’s behalf. In a similar situation, the Mississippi Supreme Court concluded that a receptionist was not the defendant physician’s agent because she was not authorized by him to accept service of process. Johnson, 952 So.2d at 158 (¶ 18); see also Nelson, 70 So.3d at 196 (¶ 20) (office manager was not an agent to accept process on behalf of physicians and medical clinic). The court further determined the testimony supported the following: the receptionist was unaware the papers she accepted concerned a lawsuit; she had .never accepted service of process for anyone; and the process server did not ask to see the physician nor indicate he was there to serve the physician with process. Johnson, 952 So.2d at 158 (¶ 18). Here, the trial court concluded that Dr. Lee and FFP were not properly served with process for similar reasons as in Johnson. We do find evidence to support the trial court’s decision in conclüding that service of process was insufficient. However, we must now look to whether good cause existed for failing to properly serve Dr. Lee and FFP.
IY. EXISTENCE OF GOOD CAUSE
¶ 10. Lewis contends that good cause exists for additional time to serve Dr. Lee and FFP with process. Rule 4(h) of the Mississippi Rules of Civil Procedure states a party must show good cause why service of process was not made within 120 days of filing the complaint. We review a trial court’s determination of whether good cause existed under our familiar abuse-of-discretion standard. Stutts v. Miller, 87 So.Bd 1, 3 (¶ 7) (Miss.2010). Lewis failed to raise this issue in the trial court. Our “role [as] an appellate court is not to be a fact[-]finder but rather [to] determine and apply the law to the facts determined by the trier of fact.” Southern v. Miss. State Hosp., 853 So.2d 1212, 1214 (¶ 4) (Miss.2003).
¶ 11. However, in Spurgeon v. Egger, 989 So.2d 901, 906 (¶ 18) (Miss.Ct.App.2007), this Court found good cause existed even though the issue was not addressed by the trial court. Similarly to our facts, in Spurgeon the process server completed a return and swore that he had personally served the defendant physician with process, but testimony showed that he had served the office assistant and not the physician. Id., at 904 (¶ 11). As in the present case, the office assistant had no authority to accept service of process. Id. at (¶ 12). But we found several reasons the trial court should have found good causé for the plaintiffs failure to serve the physician: (1) the process server’s sworn return indicating he served process on the physician; (2) no evidence was produced showing a lack of diligence on the part of the plaintiffs; (3) there were communications from the physician’s attorney indicating notice was received; and (4) the physician’s involvement in bankruptcy proceedings. Id. at 908 (¶ 27). Furthermore, “good cause is likely (but *682 not always) to be found when the plaintiffs failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server[.]” Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (¶ 12) (Miss.2002) (citation omitted).
¶ 12. In this instance, Lewis had no reason to believe that process was insufficient. Windham’s notarized proof of service indicates he had served Dr. Lee individually and as FFP’s registered agent. The attorney representing Lewis had. used Windham on numerous occasions as a process server and never had any cause for concern. Furthermore, there were indications that notice was received by Dr. Lee and FFP. We find the trial court abused its discretion in failing to find good cause for the failure to serve Dr. Lee and FFP within 120 days. We reverse and remand for further proceedings consistent with this opinion.
¶ 13. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
IRVING, P.J., ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. GRIFFIS, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON, J.; BARNES, J., JOINS IN PART. FAIR AND JAMES, JJ., NOT PARTICIPATING.