## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CA-00527-COA

**DOUGLAS MICHAEL LONG, JR.**                      **APPELLANT**

**v.**

**DAVID J. VITKAUSKAS**                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2014 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL J. MALOUF |
| | ROBERT EUGENE JONES II |
| | JAMES MATTHEW LENDERMAN |
| ATTORNEYS FOR APPELLEE: | A.E. (RUSTY) HARLOW JR. |
| | KATHI CRESTMAN WILSON |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | GRANTED MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS |
| DISPOSITION: | AFFIRMED - 10/04/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. Douglas Long sued David Vitkauskas for alienation of affection. The DeSoto County Circuit Court granted Vitkauskas's motion to dismiss, finding insufficient service of process. In this appeal, we must determine whether the trial court properly granted the motion to dismiss.

### PROCEDURAL HISTORY

¶2. Long and his wife separated on May 16, 2011. On March 17, 2014, Long sued

Vitkauskas for alienation of affection. Vitkauskas, a resident of Pennsylvania, was served with process via certified mail marked "restricted delivery" pursuant to Mississippi Rule of Civil Procedure 4(c)(5). The address listed was Vitkauskas's place of employment. The return receipt was not signed by Vitkauskas but rather someone named "Mary" with the last name illegible.

¶3.     On May 14, 2014, Vitkauskas's attorney entered a special appearance to contest jurisdiction. Vitkauskas also filed a motion to dismiss for lack of jurisdiction. On October 9, 2014, the trial court granted the motion, finding that service was insufficient since Vitkauskas himself did not sign the return receipt. Long filed a motion for reconsideration and Vitkauskas responded. After a hearing, the trial court denied Long's motion for reconsideration and denied Long's request for additional time to serve Vitkauskas.

¶4.     Long now appeals, arguing that service of process was sufficient and that the trial court erred by denying his request for additional time to serve Vitkauskas.

STANDARD OF REVIEW

¶5.     We review de novo a trial court's decision to grant or deny a motion to dismiss. *Johnson v. Rao*, 952 So. 2d 151, 154 (¶9) (Miss. 2007). Furthermore, "the trial court, not the jury, determines issues of fact regarding service of process, and we apply an abuse-of-discretion standard to the trial court's findings of fact." *Nelson v. Baptist Mem'l Hosp.-N. Miss. Inc.*, 70 So. 3d 190, 195 (¶17) (Miss. 2011).

DISCUSSION

I.     **Service of Process**

¶6. Long first contends that service of process on Vitkauskas was sufficient. Mississippi Rule of Civil Procedure 4(c)(5) states the following for service of process on a person outside Mississippi:

> [A] summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

¶7. Long claims that he met the requirements of Rule 4(c)(5) regardless of who actually signed the return receipt. And he claims that Vitkauskas clearly had notice since he sought counsel in Mississippi, then filed an extension of time to respond to Long's complaint as well as a motion to dismiss. Vitkauskas argues that Rule 4(c)(5) requires the defendant himself—not another person—to either sign the return receipt or mark the envelope "refused."

¶8. It is well settled that service of process on a nonresident defendant is jurisdictional and requires strict compliance with the rules. *Worthy v. Trainor*, 11 So. 3d 1267, 1268 (¶4) (Miss. Ct. App. 2009) (citation omitted). In this instance, Vitkauskas did not sign the return receipt. The purpose of restricted delivery is to ensure that the addressee will be the actual recipient of the posted item. Restricted delivery "alerts the Post Office personnel attempting delivery that the person to whom it is addressed must either sign for it or refuse it." *DeCarlo v. Bonus Stores Inc.*, 413 F. Supp. 2d 770, 774 (S.D. Miss. 2006) (Service of process was insufficient where the envelope was not marked "restricted delivery" and a member of the

defendant's household signed the return receipt.). Additionally, there was no evidence or testimony that the person who did sign the return receipt had the authority to receive service of process on Vitkauskas's behalf.

¶9. In regard to Long's contention that Vitkauskas had sufficient notice of the suit, we find it has no merit. Vitkauskas affirmatively asserted the issue of insufficient service of process by entering a special appearance to contest jurisdiction and by filing a motion to dismiss. *See Burleson v. Lathem*, 968 So. 2d 930, 933 (¶10) (Miss. 2007) ("Even when service of process is insufficient, this Court has held that service-of-process defenses must be affirmatively asserted either in the initial responsive pleading or by motion.").

## II. Request for Additional Time

¶10. Long contends that good cause exists for additional time to serve Vitkauskas with process. Rule 4(h) of the Mississippi Rules of Civil Procedure states a party must show good cause why service of process was not made within 120 days of filing the complaint. We review a trial court's determination of whether good cause existed under our familiar abuse-of-discretion standard. *Stutts v. Miller*, 37 So. 3d 1, 3 (¶7) (Miss. 2010).

¶11. We first note that the trial court did not actually address Long's argument concerning good cause. Long only raised this argument in his motion for reconsideration, but the trial court did not address it in its order. The trial court simply denied the motion for reconsideration. Long's reason for good cause is that he thought he had strictly complied with Rule 4(c)(5). However, "[t]o establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple

4

inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Powe v. Byrd*, 892 So. 2d 223, 226 (¶10) (Miss. 2004). The "excusable neglect standard is a very strict standard." *Moore ex rel. Moore v. Boyd*, 799 So. 2d 133, 136 (¶7) (Miss. Ct. App. 2001). Here, Vitkauskas clearly did not sign the return receipt. And Long could have attempted to serve process again or filed a motion for additional time.[1] We can find no abuse of discretion by the trial court in this instance.

¶12. **THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

---

[1] Our supreme court has held that although "a motion for additional time may be filed after the 120-day time period has expired, a diligent plaintiff should file such a motion within the 120-day time period" to support a claim that good cause existed for the failure to properly serve process. *Webster v. Webster*, 834 So. 2d 26, 29 (¶11) (Miss. 2002); *see also Worthy v. Trainor*, 11 So. 3d 1267, 1269 (¶6) (Miss. Ct. App. 2009) (good cause not shown and no extension granted).