# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00527-SCT

*DOUGLAS MICHAEL LONG, JR.*

*v.*

*DAVID J. VITKAUSKAS*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT: 10/09/2014
TRIAL JUDGE: HON. ROBERT P. CHAMBERLIN
TRIAL COURT ATTORNEYS: JAMES MATTHEW LENDERMAN
 A. E. (RUSTY) HARLOW, JR.
COURT FROM WHICH APPEALED: DeSOTO COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT: MICHAEL J. MALOUF
 JAMES MATTHEW LENDERMAN
 ROBERT EUGENE JONES, II
ATTORNEYS FOR APPELLEE: A. E. (RUSTY) HARLOW, JR.
 KATHI C. WILSON
NATURE OF THE CASE: CIVIL - TORTS-OTHER THAN PERSONAL
 INJURY & PROPERTY DAMAGE
DISPOSITION: REVERSED AND REMANDED - 10/05/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

 **EN BANC.**

 **WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1. On March 17, 2014, Douglas Michael Long Jr. filed suit against Pennsylvania resident

David J. Vitkauskas for alienation of affections. Vitkauskas entered a special appearance and

then filed a motion to dismiss for, *inter alia*, insufficient service of process under Mississippi

Rule of Civil Procedure 4(c)(5). The trial court granted Vitkauskas's motion to dismiss on

the ground of insufficient service of process, and the Court of Appeals affirmed. Finding

service was sufficient, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2.    Long and his wife separated on May 16, 2011. On March 17, 2014, Long sued

Vitkauskas in DeSoto County Circuit Court for alienation of affections. Long attempted to

serve process on Vitkauskas, a resident of Pennsylvania, *via* certified mail marked "restricted

delivery" pursuant to Mississippi Rule of Civil Procedure 4(c)(5). The mailing was addressed

to Vitkauskas at his place of employment. While delivery was restricted to Vitkauskas, the

return receipt was signed by someone named "Mary" with the last name illegible.

¶3.    On May 14, 2014, Vitkauskas's attorney entered a special appearance to contest

jurisdiction and filed a motion to dismiss on the basis of insufficient service of process,

stating "service of process was insufficient in that the summons was mailed to the

Defendant[']s employer[,] not to the Defendant."[1] In his response, Long claimed he complied

with the requirements of Rule 4, attaching the return receipt as an exhibit. On October 9,

2014, the trial court granted Vitkauskas's motion, finding that service was insufficient

because the signature, "Mary Bre . . . ," appeared on the return receipt instead of

Vitkauskas's signature. Long filed a motion for reconsideration, stating process was adequate

under the rules or, alternatively, for additional time to serve Vitkauskas, because the time

---

[1]While other grounds were alleged, the trial court limited its ruling to insufficient service of process.

2

within which to serve Vikauskas had expired.[2] After a hearing, the trial court denied Long's motion for reconsideration.

¶4. Before the Court of Appeals, Long argued service of process was sufficient and the trial court had erred by failing to consider his request for additional time to serve Vitkauskas. The Court of Appeals affirmed the trial court's dismissal of the case, finding no abuse of discretion. **Long v. Vitkauskas**, 2016 WL 5793348, at *2 (Miss. Ct. App. Oct. 4, 2016), *cert. granted by* 214 So. 3d 1060 (Miss. 2017). We granted Long's petition for writ of certiorari, which raised the following two issues: (1) whether the trial court and the Court of Appeals erred by finding that service of process was insufficient, and (2) whether the trial court erred by refusing to consider Long's request for additional time to serve Vitkauskas. We hold service of process was sufficient; therefore, Long's second concern is moot.

## STANDARD OF REVIEW

¶5. The standard of review for a trial court's grant or denial of a motion to dismiss is *de novo*. **Johnson v. Rao**, 952 So. 2d 151, 154 (¶ 9) (Miss. 2007). With regard to service of process, this Court applies an abuse-of-discretion standard of review to the trial court's

---

[2]Long's window to serve process was 120 days. Also, the statute of limitations on Long's claim originally was set to run on May 15, 2017. However, Long filed his complaint on March 17, 2014, which tolled the limitations date until September 11, 2014. Vitkauskas filed his motion to dismiss on May 14, 2014, and the hearing on the motion was set for August 15, 2014. The circuit court did not issue its order of dismissal until October 9, 2014, which was twenty-eight days after the statute of limitations had run on Long's claim and 129 days after the motion to dismiss had been filed.

3

findings of fact. ***Nelson v. Baptist Mem'l Hosp.–N. Miss., Inc.***, 70 So. 3d 190, 195 (¶ 17) (Miss. 2011).

## DISCUSSION

¶6.     Mississippi Rule of Civil Procedure 4(c)(5) requires a mailing of process to an out-of-state, natural defendant be marked "restricted delivery."

> [A] summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Miss. R. Civ. P. 4(c)(5).

¶7.     First, a line-by-line review of Rule 4(c)(5) shows Long complied with every requirement under the rule. Vitkauskas is a resident of Pennsylvania; thus, he is a "person outside this state" for purposes of Rule 4. Miss. R. Civ. P. 4. Therefore, service may be had on Vitakuskas "by sending a copy of the summons and of the complaint to [him] by certified mail, return receipt requested." *Id.* The summons was sent to Vitkauskas's place of employment, addressed as follows:

David J. Vitkauskas<br>
Berwick Offray, LLC<br>
2015 West Front Street<br>
Berwick, PA 18603.

*Id.* Process was effected by "CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, marked restricted delivery, and requiring a

4

return receipt) copies to the person served." *Id.* As Vitkauskas is a natural person, the envelope must have been marked "restricted delivery." *Id.* Both the proof of service and the return receipt evidence that it was so marked. Finally, the rule provides that "[s]ervice by this method *shall be deemed complete* as of the date of delivery *as evidenced by the return receipt* or by the returned envelope marked 'Refused.'" *Id.* (emphasis added). Long presented the return receipt to the trial court. Accordingly, Long complied with all the requirements set out within the Rule.

¶8.     The central concern, though, is that the name "Mary" appeared on the return receipt, instead of the defendant's name. We do not know who "Mary" is. Nevertheless, "we have held that a return of process is presumed to be correct . . . ." ***McCain v. Dauzat***, 791 So. 2d 839, 842 (¶ 8) (Miss. 2001); *see also* ***Collins v. Westbrook***, 184 So. 3d 922, 929 (¶ 18) (Miss. 2016); ***Wesley Health Sys., LLC v. Estate of Love***, 200 So. 3d 440, 445 (¶ 21) (Miss. 2016). Because "restricted delivery" limits the delivery of mail "to the addressee or *to the person authorized in writing as the addressee's agent*,"[3] a rebuttable presumption arises that the return receipt was signed by the defendant or his authorized agent.

---

[3]United States Postal Service, Domestic Mail Manual (DMM), § 508, Ex. 1.1.8, https://pe.usps.com/text/dmm300/508.htm#ep1044900 (last visited Oct. 3, 2017) (emphasis added). *See also* Postal Regulatory Commission, Mail Classification Schedule (MCS), § 1505.5.1, https://www.prc.gov/mail-classification-schedule (last visited Oct. 3, 2017) (providing classifications of postal products pursuant to the Postal Accountability and Enhancement Act (PAEA), Pub. L. 109-435, 120 Stat. 3198, Oct. 3, 2006) ("Restricted Delivery . . . directs delivery *only to* the addressee or addressee's agent.") (emphasis added).

¶9. The presumption is rebuttable through the use of extrinsic evidence, "including the testimony of the party who is contesting service." ***Collins***, 184 So. 3d at 929 (¶ 18). Indeed, "testimony [by the contesting party], if believed, [is] sufficient to overcome the presumption and to support [a] finding . . . that she was not served." ***Lampton–Reid Co. v. Allen***, 177 Miss. 698, 714, 171 So. 780, 783 (1937). However, "in the absence of an objection and offer of proof by [a party, a] due-process argument is without substantive merit." ***Wilburn v. Wilburn***, 991 So. 2d 1185, 1192 (¶ 16) (Miss. 2008). Vitkauskas never argued that "Mary" was not his authorized agent, nor did he state that he failed to receive process. Additionally, the record contains no offer of proof by Vitkauskas to contest either point. Had he done so, the burden then would have shifted to Long to prove "Mary" was an authorized agent of Vitkauskas. However, without an appropriate objection and offer of proof, Vitkauskas's "due-process argument [was] without substantive merit." ***Id.***

**CONCLUSION**

¶10. The trial court and Court of Appeals erred in ruling that Long's service of process on Vitkauskas was insufficient. Under Rule 4(c)(5), a rebuttable presumption arises that a signed return receipt is valid when delivery is restricted. The presumption can be rebutted, but only if the defendant objects thereto and submits an offer of proof to the contrary. Accordingly, we reverse the judgments of the Court of Appeals and the trial court, and we remand this case to the circuit court for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED**.

**RANDOLPH AND KITCHENS, P.JJ., KING AND BEAM, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J. CHAMBERLIN AND ISHEE, JJ., NOT PARTICIPATING.**

**COLEMAN, JUSTICE, DISSENTING:**

¶12.    Because the majority misapplies the presumption of correctness that applies to a return of process I, with respect, dissent.

¶13.    In *McCain v. Dauzat*, 791 So. 2d 839 (Miss. 2001), upon which the majority chiefly relies for its crucial premise that summons is presumed to have been served on Vitkauskas in the case *sub judice*, the process server provided a sworn affidavit and a sworn return of process that identified the defendant as the individual upon whom process had been served. *Id.* at 841 (¶ 2) ("[T]he proof of service indicates that a summons and copy of the complaint were personally served on McCain. . . .")  The presumption is not that a defendant claiming not to have been served is presumed to have been served, but that the return of service of process accurately reflects the identity of the person served.  *Id.* at 842 (¶ 8) ("[A] return of process is presumed to be correct. . . .")  If anything, in the instant case the presumption operates in favor of Vitkauskas's claim not to have been served, as the return receipt identifies the person served as the mysterious Mary.

¶14.    In any event, from the misapplication of the presumption, the majority concludes that a rebuttable presumption exists that the return receipt was signed by the defendant or his authorized agent.  The majority cites no additional authority for its conclusion other than a postal service manual.  Certainly, the majority cannot mean that, as a matter of law, a

7

defendant himself is presumed to have signed a return receipt when all agree that someone else's signature appears upon it. Moreover, presuming that a postal service regulation was properly observed by an unidentified postal service employee differs in a fundamental manner from presuming that summons was properly served based on a sworn return of process or affidavit identifying by name both the server and the defendant as the person served. Finally, the majority skips a necessary step, in that the majority does not establish that authorizing another as an agent for the purpose of accepting certified mail pursuant to the postal manual equates to authorizing another to accept service of process in a manner satisfying the requirements of due process.

¶15. For the foregoing reasons, I cannot agree with the majority's creation of a new presumption that, when summons is certified via certified mail, a return of service signed by any unidentified person creates a presumption that the plaintiff properly served the defendant. Because the trial court and Court of Appeals were correct, I would affirm.

**MAXWELL, J., JOINS THIS OPINION.**