WALLER, CHIEF. JUSTICE, FOR THE COURT: ¶ 1. On March 17, 2014, Douglas Michael Long Jr. filed suit against Pennsylvania resident David J. Vitkauskas for alienation of affections. Vitkauskas entered a special appearance and then filed a motion to dismiss for, inter alia, insufficient service of process under Mississippi Rule of Civil Procedure 4(c)(5). The trial court granted Vitkauskas’s motion to dismiss on the ground of insufficient service of process, and the Court of Appeals affirmed. Finding service was sufficient, we reverse and remand to the trial court for further proceedings. FACTS AND PROCEDURAL HISTORY ¶ 2. Long and his wife separated on May 16, 2011. On March 17, 2014, Long sued Vitkauskas in DeSoto County Circuit Court for alienation of affections. Long attempted to serve process on Vitkauskas, a resident of Pennsylvania, via certified mail marked “restricted delivery” pursuant to Mississippi Rule of Civil Procedure 4(c)(5), The' mailing was addressed to Vit-kauskas at his place of employment. While delivery was restricted to Vitkauskas, the return receipt was signed by someone named “Mary” with the last name illegible. if 3. On May 14, 2014, Vitkauskas’s attorney entered a special appearance to contest jurisdiction and filed a motion to dismiss on the basis of insufficient service of process, stating “service of process was insufficient in that the summons was mailed to the Defendant[’]s employer[,] not to the Defendant.”[1] In his response, Long claimed he complied with the requirements of Rule 4, attaching the return receipt as an exhibit. On October 9, 2014, the trial court granted Vitkauskas’s motion, finding that service was insufficient because the signature, “Mary Bre appeared on the return receipt instead of Vitkauskas’s signature. Long filed a motion for reconsideration, stating process was adequate under the rules or, alternatively, for additional time to serve Vitkauskas, because the time within which to serve Vikauskas had expired.[2] After a hearing, the trial court denied Long's motion for reconsideration. ¶ 4. Before the Court of Appeals, Long argued service of process was sufficient and the trial court had erred by failing to consider his request for additional time to serve Vitkauskas. The Court , of Appeals affirmed the .trial court’s dismissal of the case, finding no abuse pf discretion. Long v. Vitkauskas, 228 So.3d 383, 385-86, 2016 WL 5793348, at *2 (Miss. Ct. App. Oct. 4, 2016), cert. granted by 214 So.3d 1060 (Miss. 2017). We granted Long’s petition for writ of certiorari, which raised the following two issues: (1) whether the trial court and the Court of Appeals erred by finding that service of process was insufficient, and (2) whether the trial court erred by refusing to consider Long’s request for additional time to serve Vitkauskas. We hold service of process was sufficient; therefore, Long’s second concern is moot. STANDARD OF REVIEW ¶ 5. The standard of review for a trial court’s grant or denial of a motion to dismiss is de novo. Johnson v. Rao, 952 So.2d 151, 154 (¶ 9) (Miss. 2007). With regard to service of process, this Court applies an abuse-of-discretion standard of review to the trial court’s findings of fact. Nelson v. Baptist Mem’l Hosp.-N. Miss., Inc., 70 So.3d 190, 195 (¶ 17) (Miss. 2011). DISCUSSION ¶ 6. Mississippi Rule of Civil Procedure 4(c)(5) requires a mailing of process to an out-of-state, natural defendant be marked “restricted delivery.” [A] summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked “restricted delivery.” Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked “Refused.” Miss. R. Civ. P. 4(c)(5). ¶ 7. First, a line-by-line review of Rule 4(c)(5) shows Long complied with every requirement under the rule. Vitkauskas is a resident of Pennsylvania; thus, he is a “person outside this state” for purposes of Rule 4. Miss. R. Civ. P. 4. Therefore, service may be had on Vitakuskas “by sending a copy of the summons and of the complaint to [him] by certified mail, return receipt requested.” Id. The summons was sent to Vitkauskas’s place of employment, addressed as follows: David J. Vitkauskas Berwick Offray, LLC 2015 West Front Street Berwick, PA 18603. Id. Process was effected by “CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, marked restricted delivery, and requiring a return receipt) copies to the person served.” Id. As Vit-kauskas is a natural person, the envelope must have been marked “restricted delivery.” Id. Both the proof of service and the return receipt evidence that it was so marked. Finally, the rule provides that “[s]ervice by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked ‘Refused.’” Id. (emphasis added). Long presented the return receipt to the trial court. Accordingly, Long complied with all the requirements set out within the Rule. ¶ 8. The central concern, though, is that the name “Mary” appeared on the return receipt, instead of the defendant’s name. We do not know who “Mary” is. Nevertheless, “we have held that a return of process is presumed to be correct .... ” McCain v. Dauzat, 791 So.2d 839, 842 (¶ 8) (Miss. 2001); see also Collins v. Westbrook, 184 So.3d 922, 929 (¶ 18) (Miss. 2016); Wesley Health Sys., LLC v. Estate of Love, 200 So.3d 440, 445 (¶ 21) (Miss. 2016). Because “restricted delivery” limits the delivery of mail “to the addressee or to the person authorized in writing as the addressee’s agent,”[3] a rebuttable presumption arises that the return receipt was signed by the defendant or his' authorized agent. ¶ 9. The presumption is rebutta-ble through the use of extrinsic evidence, “including the testimony of the party who is contesting service.” Collins, 184 So.3d at 929 (¶ 18). Indeed, “testimony [by the contesting party], if believed, [is] sufficient to overcome the presumption and to support [a] finding ... that she was not served.” Lampton-Reid Co. v. Allen, 177 Miss. 698, 714, 171 So. 780, 783 (1937). However, “in the absence of an objection and offer of proof by [a party, a] due-process argument is without substantive merit.” Wilburn v. Wilburn, 991 So.2d 1185, 1192 (¶ 16) (Miss. 2008). Vitkauskas never argued that “Mary” was not his authorized agent, nor did he state that he failed to receive process. Additionally, the record contains no offer of proof by Vitkauskas to contest either point. Had he done so, the burden then would have shifted to Long to prove “Mary” was'an authorized agent of Vit-kauskas. However, without an appropriate objection and offer of proof, Vitkauskas’s “due-process argument [was] without substantive merit.” Id. CONCLUSION ¶ 10. The trial court and Court of Appeals erred in ruling that Long’s service of process on Vitkauskas was insufficient. Under Rule 4(c)(5), a rebuttable presumption arises that a signed return receipt is valid when delivery is restricted. The presumption can be rebutted, but only if the defendant objects thereto and submits an offer of proof to the contrary. Accordingly, we reverse the judgments of the Court of Appeals and the trial court, and we re.mand this case to the circuit court for further proceedings consistent with this opinión. ¶ 11. REVERSED AND REMANDED. RANDOLPH AND KITCHENS, P.JJ., KING AND BEAM, JJ„ CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J. CHAMBERLIN AND ISHEE, JJ.,.NOT PARTICIPATING. . While other grounds were alleged, the trial court limited its ruling to insufficient service of process, . Long’s window to serve process was 120 days. Also, the statute of limitations on Long's claim originally was set to run on May 15, 2014. However, Long filed his complaint on March 17, 2014, which tolled the limitations date until September 11, 2014, Vitkauskas filed his motion to dismiss on May 14, 2014, and the hearing on the motion was set for August 15, 2014. Thej'circuit court did not issue its order of dismissal until October 9, 2014, which was twenty-eight days after the statute of limitations hád run on Long’s claim and 129 days after the motion to dismiss had been filed. . United States Postal Service, Domestic Mail Manual (DMM), § 508, Ex. 1.1.8, https://pe. usps.eom/text/dmm300/508.htm#epl044900 (last visited Oct. 3, 2017) (emphasis added). See also Postal Regulatory Commission, Mail Classification Schedule (MCS), § 1505.5.1, https://www.prc.gov/mail-cIassification-schedule (last visited Oct. 3, 2017) (providing classifications of postal products pursuant to the Postal Accountability and Enhancement Act (PAEA), Pub. L. 109-435, 120 Stat. 3198, Oct. 3, 2006) ("Restricted Delivery ... directs delivery only to the addressee or addressee’s agent.’’) (emphasis added).