# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00011-COA

IN THE MATTER OF THE LAST WILL AND      APPELLANTS
TESTAMENT OF MAMIE ELIZABETH
PEARSON BRAY, DECEASED: ROBERT
PEARSON, DOROTHY DYE, FRANK PEARSON,
JOE WILLIAM PEARSON, EMMA JUANITA
STEMBRIDGE, CHARLENE "LILLI" ELLISON,
JAMIE LYNN HARDIN, TRAVIS HARDIN,
DAVID GENE ROGERS, THOMAS CLAY
ROGERS, PATRICIA BYRD, JOHN A.
PEARSON, JR., AND REV. MARK PEARSON

v.

MARGARET EUBANKS, ST. MARY CATHOLIC      APPELLEES
CHURCH, AND JAY WESTFAUL

| | |
|---|---|
| DATE OF JUDGMENT: | 11/22/2021 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | J. HALE FREELAND |
| ATTORNEYS FOR APPELLEES: | STEVEN TODD JEFFREYS ROBERT RYAN REVERE WILLIAM R. SANDERS JR. |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 04/25/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. This appeal stems from a will contest between the beneficiaries named in two separate

wills executed by Mamie Bray. The will that Bray executed on June 1, 1991 (the 1991 Will),

named her half-brothers Robert and Joe Pearson, as well as her other whole-blood and half-

blood siblings, as her beneficiaries (collectively, the Appellants). Bray executed a new will on January 10, 2018 (the 2018 Will), which named her beneficiaries as Jay Westfaul; her neighbor, Margaret Eubanks; and St. Mary Catholic Church (collectively, the Appellees).

¶2.     Following Bray's death, Westfaul offered the 2018 Will for probate in the Panola County Chancery Court. Robert and Joe filed a petition to contest the 2018 Will and offered the 1991 Will for probate. Following a hearing on the Appellees' motion to dismiss the will contest, the chancellor concluded that Robert and Joe lacked standing to contest the 2018 Will. The Appellants appealed from the chancellor's order granting the Appellees' motion to dismiss.[1]

¶3.     Upon review, we find the chancellor erred by granting the Appellees' motion to dismiss on the ground that Robert and Joe lacked standing. We therefore reverse the judgment and remand for further proceedings consistent with this opinion.

**FACTS**

¶4.     Bray died testate on May 28, 2018. On June 1, 2018, Westfaul sought to admit the 2018 Will for probate. The 2018 Will appointed Westfaul, a practicing attorney who had served as Bray's conservator for about the last two and a half years of her life, as the executor of her estate and named the Appellees as Bray's beneficiaries. On September 4, 2018, Robert and Joe filed a petition to contest the 2018 Will. The following day, on September

---

[1] Several beneficiaries named in Bray's 1991 Will had died by the time Robert and Joe filed their petition to contest the 2018 Will. As a result, the Appellants also include the individuals who are heirs of any deceased beneficiaries named in Bray's 1991 Will.

5, 2018, Robert and Joe filed an amended petition in which they contested the 2018 Will on the ground of undue influence and sought to admit for probate the 1991 Will. The copy of the 1991 Will attached to the amended petition named Robert and Joe among Bray's beneficiaries. Multiple individuals, who were Bray's whole-blood and half-blood relatives and benefitted under the 1991 Will, eventually joined Robert and Joe's amended petition to contest the 2018 Will. These same individuals also filed assignments of interest, stating that they assigned part of their interests in Bray's estate to Robert and Joe.

¶5.     The Appellees moved to dismiss the will contest and attached a copy of the original 1991 Will to their motion. In an attached affidavit, Westfaul stated that he had found the original 1991 Will in Bray's personal effects after she died. Westfaul also stated that he had in no way altered the original 1991 Will, which had diagonal lines marking through the provisions that named Robert, Joe, and other relatives as Bray's beneficiaries under the 1991 Will. The Appellees also attached to their motion to dismiss the affidavit of attorney George Haymans, who had prepared Bray's 2018 Will. Haymans stated that "[o]n more than one occasion[,] . . . Bray specifically told [him] she did not want her half-blood siblings, including the will contest petitioners in this case[,] Robert Pearson and Joe Pearson, to inherit any property from her or take any part of her estate, assets[,] or property after her death."

¶6.     The chancellor held a hearing on the Appellees' motion to dismiss the will contest and a second amended petition to contest the 2018 Will, which sought to add Bray's heirs-at-law as parties to the will-contest proceedings and to have the joinders relate back to the filing

3

date of the original petition. Following the hearing, the chancellor entered an order on November 22, 2021. The chancellor found that Bray had revoked the 1991 Will and that Robert and Joe therefore lacked standing under the 1991 Will to contest Bray's 2018 Will. The chancellor further found that Robert and Joe lacked standing to bring the will contest as Bray's heirs-at-law. As the chancellor noted in his order, Bray had been survived by "children of whole-blood siblings who would preclude" Robert and Joe, her half-blood siblings, "from inheriting as heirs-at-law should both the 2018 and 1991 [Wills] be found . . . invalid." The chancellor then considered whether the actions by Bray's heirs-at-law to join in Robert and Joe's first amended petition to contest the 2018 Will and to assign part of their interests in the estate to Robert and Joe sufficed to confer standing to Robert and Joe. After finding that standing must be determined at the beginning of an action and that Robert and Joe lacked standing when they originally filed their will-contest petition, the chancellor concluded that the joinders and assignments of interest by the heirs-at-law failed to cure Robert and Joe's lack of standing.

¶7.     Finally, the chancellor discussed the second amended petition that sought to add Bray's heirs-at-law as parties to the will-contest proceedings and to have the joinders relate back to the filing date of the original will-contest petition. The chancellor concluded that the original petition to contest the will was a nullity due to Robert and Joe's lack of standing and that any amended petition could not relate back to a nullity. In addition, the chancellor concluded that the second amended petition had been filed outside the two-year statute of

4

limitations that applied to will contests. As a result, the chancellor denied the request to file the second amended petition and granted the Appellees' motion to dismiss the will contest. Aggrieved, the Appellants now challenge the chancellor's order on appeal.

## STANDARD OF REVIEW

¶8. "The standard of review for a trial court's grant or denial of a motion to dismiss is de novo." *Trigg v. Farese*, 266 So. 3d 611, 617 (¶9) (Miss. 2018) (quoting *Long v. Vitkauskas*, 228 So. 3d 302, 304 (¶5) (Miss. 2017)). "As to standing, which raises jurisdictional issues, the standard of review is also de novo." *Id.*

## DISCUSSION

¶9. The Appellants contend that the chancellor erroneously determined that Robert and Joe lacked standing to contest the 2018 Will and that the second amended petition therefore could not relate back to the filing date of the original will-contest petition. Mississippi's standing requirements "are quite liberal." *Hobson v. Chase Home Fin. LLC*, 179 So. 3d 1026, 1031 (¶17) (Miss. 2015) (quoting *SASS Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 445-46 (¶13) (Miss. 2015)). To determine whether standing exists, the court considers the following:

> Parties have standing to sue or intervene when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law. A colorable claim is one that appears to be true, valid, or right. The claim being brought must be grounded in a legal right that is recognized by law. Additionally, a party must be able to show that it has a present, existent actionable title or interest. Standing is to be determined as of the commencement of the suit.

5

*Breland v. Turnage*, 341 So. 3d 1021, 1027 (¶25) (Miss. Ct. App. 2022) (citations and internal quotation marks omitted).

¶10.    Our caselaw holds that "[s]tanding is an aspect of subject[-]matter jurisdiction[,]" and "[t]he existence of subject-matter jurisdiction turns on the well pleaded allegations of the complaint[,] which are taken as true." *Hobson*, 179 So. 3d at 1031-32 (¶17) (quoting *SASS*, 170 So. 3d at 445 (¶12)). "To determine whether a court has subject-matter jurisdiction, we look *to the face of the complaint*, examining the nature of the controversy and the relief sought." *Dorman v. Trustmark Nat'l Bank*, 281 So. 3d 1016, 1020 (¶10) (Miss. Ct. App. 2019) (quoting *RAS Family Partners LP v. Onnam Biloxi LLC*, 968 So. 2d 926, 928 (¶11) (Miss. 2007)). The judicially crafted rule regarding the well-pleaded complaint addresses the concern that "[i]n every lawsuit, subject[-]matter jurisdiction needs to be settled at the outset" and "should not depend upon future contingencies." 1 Jeffrey Jackson et al., *Mississippi Civil Procedure* § 1:12 (updated May 2022). Practically speaking, "[b]oth the litigants and the court need to know whether the matter is within the subject[-]matter jurisdiction of the court where it is filed as early as possible in the litigation." *Id.* And "[h]aving a rule that allows prompt early resolution of any question regarding subject[-]matter jurisdiction saves the court and the litigants time, money[,] and energy that might otherwise be wasted in litigating a matter that must ultimately be dismissed on jurisdictional grounds." *Id.* (citing *Penrod Drilling Co. v. Bounds*, 433 So. 2d 916, 925-26 (Miss. 1983) (Robertson, J., concurring).

¶11. Here, Robert and Joe properly initiated their will contest "in the chancery court in which the will was admitted to probate . . . ." Miss. Code Ann. § 11-5-1 (Rev. 2019). Like subject-matter jurisdiction, "standing to sue begins with the well pleaded allegations of the complaint, which are taken as true." 3 Jeffrey Jackson, Mary Miller & Donald Campbell, *Encyclopedia of Mississippi Law* § 19:217 (3d ed. 2022); *see also Hobson*, 179 So. 3d at 1031-32 (¶17). Looking at the face of Robert and Joe's petition from the outset, and taking their well-pleaded allegations as true, we find that from the commencement of the proceedings, they asserted a legal entitlement to contest Bray's 2018 Will as purported beneficiaries under her 1991 Will, which they attached to their first amended petition to contest the 2018 Will. Based on this finding, we reverse the chancellor's judgment granting the Appellees' motion to dismiss the will contest. We further remand the case so that, in light of this Court's ruling, the chancellor may determine whether to allow the second amended petition seeking to add Bray's heirs-at-law as parties to the will-contest proceedings and to relate the joinders of the heirs-at-law to the filing date of the original will-contest petition.

**CONCLUSION**

¶12. Because we find that Robert and Joe's well-pleaded allegations at the time they commenced the will-contest proceedings provided standing for them to contest Bray's 2018 Will as purported beneficiaries under the 1991 Will, we reverse the chancellor's judgment dismissing the will contest. We remand the case for further proceedings consistent with this

7

opinion.

**¶13.    REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**